UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------X
SCOTT WYMAN,

                Plaintiff,

                                                                         Docket No.

v.

SPRINGFIELD TERMINAL RAILWAY COMPANY.,


                Defendant
-----------------------------------------------------------X

## COMPLAINT

Plaintiff, by his attorneys, the Naumes Law Group, LLC, complain of the Defendant and allege:

### THE PARTIES

1. Plaintiff, Scott Wyman, is a resident of Milo, Maine.

2. The defendant is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States, with a usual place of business in Massachusetts.

3. Prior to February 5, 2018, and at all times hereinafter mentioned, the defendant employed the plaintiff, Scott Wyman, as a conductor under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

4. Prior to February 5, 2018, and at all times hereinafter mentioned, the defendant maintained, operated and controlled the area in Augusta, Maine, which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto,

over, through and upon which the defendant operated engines, trains and cars under its control and direction.

5. During all times herein mentioned, the defendant was and is engaged in interstate commerce by providing railroad transportation among multiple states.

## JURISDICTION AND VENUE

6. The plaintiff brings the First Cause of Action against the defendant for violations of the Federal Rail Safety Act, 49 U.S.C. § 20109 (FRSA).

7. This Court has subject matter jurisdiction in this case pursuant to the Federal Railroad Safety Act, 49 U.S.C. § 20109(d)(3).

8. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, because defendant resides in this District and/or because defendant does business in this District.

## PROCEDURAL FACTS

9. On February 13, 2018, the plaintiff Scott, filed a FRSA Complaint with the Secretary of Labor's Regional OSHA Whistleblower Office. That was within 180 days from the date the plaintiff became aware of the defendant's adverse or unfavorable personnel action against him.

10. The Regional OSHA Whistleblower Office commenced its investigation, and the plaintiffs fully cooperated with OSHA's investigation. However, Department of Labor did not issue a final decision within 210 days after the filing of the FRSA Complaint. The delay was not due to any bad faith on the part of the plaintiff.

11. Pursuant to Section (d)(3) of the FRSA, the plaintiff has a statutory right to bring an original action in a United States district court for a jury trial regarding the Railroad's violations of the FRSA. 49 U.S.C. § 20109(d)(3).

12. Pursuant to 49 U.S.C. § 20109(d)(3), the plaintiff now bring this original action at law and equity for *de novo* review by the United States District Court of the District of Massachusetts, which Court has jurisdiction over this FRSA action and FELA action without regard to the amount in controversy.

## FACTS

13. At the time of the defendant's FRSA violations, the plaintiff was employed by the defendant and qualified as an employee within the meaning of 49 U.S.C. § 20109.

14. On October 27, 2017 plaintiff, Scott Wyman was injured while shoving railroad cars for the defendant in Augusta, Maine.

15. On October 27, 2017 plaintiff, Scott Wyman reported his on the job injury to his superiors.

16. On November 1, 2017 plaintiff, Scott Wyman was charged with violating NORAC and other Springfield Terminal Railway Company Rules.

17. On January 22, 2018 Springfield Terminal Railway Company held a formal hearing regarding the charges against Mr. Wyman.

18. On February 5, 2018, Springfield Terminal Railway Company notified Mr. Wyman that he had been dismissed from Springfield Terminal Railway Company in all capacities effective immediately.

## COUNT I
### Violation of FRSA

19. The plaintiff, Scott Wyman, adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

20. The plaintiff, Scott Wyman, engaged in protected activity under the FRSA when he reported an on the job injury to his superiors.

21. The defendant had knowledge of all the protected activities referenced above.

22. The defendant took adverse or unfavorable actions against the plaintiff, Scott Wyman, in whole or in part due to plaintiff's protected activities.

23. The adverse actions included bringing charges against plaintiff and terminating him.

24. In so doing, the defendant acted with reckless disregard for the law and with complete indifference to the plaintiff's rights under the FRSA.

WHEREFORE, in order to encourage employees to freely report all injuries and safety concerns without fear of any retaliation, thereby ensuring the Federal Rail Administration has the necessary information to develop and administer an effective rail safety regulatory program that promotes safety in every area of our nation's railroad operations, the plaintiff demands a Judgment under the FRSA for all relief necessary to make him whole, including but not limited to: expungement of all references to any disciplinary action; lost benefits with interest; lost wages with interest; compensatory damages for economic losses due to defendant's conduct; compensatory damages for mental anguish and emotional distress due to defendant's conduct; the statutory maximum of punitive damages; and special damages for all litigation costs including expert witness fees and attorney fees.

WHEREFORE, plaintiff Scott Wyman demands judgment against the defendant on Count I in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS together with the costs and disbursements of this action.

**JURY TRIAL REQUESTED**

|  |  |
|---|---|
| | Scott Wyman |
| | By his attorneys, |
| DATE: July 6, 2020 | |

/s/ Christopher C. Naumes
Robert T. Naumes, BBO #:367660
Christopher C. Naumes, BBO #: 671701
NAUMES LAW GROUP, LLC
2 Granite Avenue, Suite 425
Milton, MA 02186
(617) 227 8444
robert@Naumeslaw.com
christopher@naumeslaw.com
Attorneys for Plaintiff